IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE BERNARD STEWART, JR.,      *

     Plaintiff,      *

v      *      Civil Action No. GLR-20-3328

BOY SCOUTS OF AMERICA,      *

     Defendant.      *
                     ***

## ORDER

On November 17, 2020, the Court received state inmate Maurice Bernard Stewart, Jr.'s Complaint against the Boy Scouts of America together with a Motion for Leave to Proceed in Forma Pauperis. (ECF Nos. 1, 2). In his Complaint, Stewart alleges that in 1978, while a member of the cub scouts, he was assaulted by a cub scout leader in West Baltimore. (Compl. at 2, ECF No. 1). Stewart indicates that the case is filed pursuant to 42 U.S.C. § 1983 and seeks compensatory and punitive damages. (Id. at 4, 6). For the reasons that follow, Stewart's Motion will be granted and the case will be dismissed.

Federal courts are courts of limited jurisdiction. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in Strawn v. AT&T Mobility LLC, 530 F.3d 293 (4th Cir. 2008), if a party seeks to proceed in federal court, he "must allege

and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Id. at 296. Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." Hanna, 750 F.3d at 432. Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen, 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. First, to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. Exxon Mobil, 545 U.S. at 552; 28 U.S.C. § 1331; see also U.S. Const. Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is called federal question jurisdiction.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. Exxon Mobil, 545 U.S. at 552; see 28 U.S.C. § 1332. However, it is crystal clear that diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."

2

Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); see also Strawbridge v. Curtiss, 7 U.S. 267 (1806).

Finally, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010); accord Hertz, 599 U.S. at 95; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)).

Because Stewart is self-represented, the Court has afforded the Complaint liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, the alleged conduct does not amount to a federal claim. While Plaintiff asserts that the Complaint is brought pursuant to 42 U.S.C. § 1983, a civil rights action brought under that statute must be directed to unlawful conduct under color of law. See Owens v. Balt. City State's Attorney Office, 767 F.3d 379 (4th Cir. 2014). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Stewart has not provided any facts giving rise to an inference that the Boy Scouts of America acted under color of law when the alleged conduct occurred. Therefore, the Court lacks federal question jurisdiction over this matter.

At best, the Complaint asserts state tort claims that arise under Maryland law. A federal district court may have jurisdiction over claims arising under state law where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy, 636 F.3d at 103 (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Stewart does not allege the citizenship of Defendant Boy Scouts of America or the individuals named in the Complaint; thus, it is unclear from the face of the Complaint whether diversity jurisdiction exists in this case. As

such, Stewart has failed to meet his burden of demonstrating this Court's jurisdiction over the matter. <u>Robb Evans</u>, 609 F.3d at 362.

Accordingly, it is this 19th day of November, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Stewart's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

2.  The Complaint is DISMISSED;

3.  The Clerk shall PROVIDE a copy of this Order to Stewart at his address of record; and

4.  The Clerk shall CLOSE this case.


_____/s/_____
George L. Russell, III
United States District Judge